IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 19-cr-00144-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW RAPHAEL REESE,

    Defendant.

---

## ORDER DENYING MOTION TO COMPEL DISCLOSURE

---

This matter is before the Court on Defendant Andrew Raphael Reese's Motion to Compel Disclosure. (Doc. # 20.) The Government filed a Response (Doc. # 23) to the Motion on June 28, 2019. Based on the reasons that follow, the Court denies Defendant's Motion.

### I.     BACKGROUND

Defendant was arrested on March 19, 2019, while the Denver Police Department was conducting a narcotics operation. *See* (Doc. # 23 at 2–6). During the operation, the police utilized the assistance of a confidential informant ("CI") as well as surveillance technology. *See* (*id*. at 1–2). After the operation concluded, the "CI reported that prior to a hand-to-hand drug deal with a female, the CI overheard the defendant tell this female to watch out for police." (*Id*. at 2.) However, the statement that Defendant allegedly made was not recorded even though the CI was wearing an audio recorder. (*Id*.)

Defendant was subsequently charged by indictment with a single count of possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Doc. # 1.) In the instant Motion, Defendant argues that the Government should be compelled to disclose "the identity, contact information, as well as criminal history and impeachment material of the [CI] that was involved in the present case." (Doc. # 20 at 1.) In support of his argument, Defendant asserts that the discrepancy between the CI's recollection of Defendant's alleged statement and the absence of the statement on the audio recorder makes the CI a "crucial witness" to "a statement that would bear on [Defendant's] involvement, or lack thereof, in drug activity on the date of [his] arrest." (*Id*. at 4.)

## II.  **LEGAL STANDARD**

Because of the strong public interest in effective law enforcement and to encourage citizens to communicate with government officials regarding unlawful activity, "the government enjoys a privilege to withhold from disclosure the identity of persons who furnish law enforcement officers with information on criminal acts." *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992). Nevertheless, this privilege must give way when disclosure of an informant's identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* (quoting *Rovario v. United States*, 353 U.S. 53, 60–61 (1957)). In *Roviaro*, the Supreme Court articulated a balancing test for the determination of whether a confidential informant's identity should be revealed:

> [N]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of

2

information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

353 U.S. at 60–62. In *United States v. Moralez*, 908 F.2d 565 (10th Cir. 1990), the Tenth Circuit further described this balancing test as follows:

[C]ases involving confidential informants fall into several broad categories. At one extreme are the cases where the informant is a mere tipster, and disclosure is not required. At the other extreme are cases such as *Roviaro* itself where the informant has played a crucial role in the alleged criminal transaction, and disclosure and production of the informant are required to ensure a fair trial. In addition, there are cases where there is a slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its informant.

*Id.* at 568 (citations omitted).

"Where it is clear that the informant cannot aid the defense, the government's interest in keeping secret [the informant's] identity must prevail over the defendant's asserted right of disclosure." *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997). Accordingly, "[d]isclosure of an informant is not required . . . where the informant is not a participant in or a witness to the crime charged." *Moralez*, 908 F.2d at 567. Additionally, a defendant must provide more than "mere speculation about the usefulness of an informant's testimony" to warrant disclosure. *Moralez*, 908 F.2d at 567. Specifically, a defendant seeking to force disclosure of an informant's identity has the burden to show the informant's testimony is relevant or essential to the fair determination of defendant's case. *United States v. Gordon*, 173 F.3d 761, 767 (10th Cir. 1999) (citing *Roviaro*, 353 U.S. at 62).

3

### III. ANALYSIS

In the instant case, Defendant has not met his burden of showing that disclosure of the CI's identity is warranted. As a preliminary matter, there is no evidence that the CI was a witness to the only crime with which Defendant is charged—i.e. possession of a firearm by a prohibited person. Moreover, the statement at issue—i.e. Defendant's alleged statement that his associate should be on alert for the police—is not relevant to whether Defendant impermissibly possessed a firearm. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Therefore, the statement would be inadmissible at trial.

Notwithstanding the fact that the statement is not relevant to the crime with which he is charged, Defendant appears to argue that the statement the CI attributed to Defendant could be relevant to establish whether law enforcement had probable cause to arrest Defendant. Specifically, Defendant asserts that "discovery suggests that the statement was relayed to the investigating officers prior to [Defendant's] arrest." (Doc. # 20 at 5.) Defendant further asserts that the "alleged statement is important to determine whether [Defendant] aided and abetted the drug transaction or was merely a bystander." (*Id*.) The implicit theory behind Defendant's argument seems to be that if the CI lied about overhearing Defendant's statement and if law enforcement decided to arrest Defendant based on the CI's information, then it would be less likely that there was probable cause to arrest Defendant.

However, it does not appear that law enforcement had any knowledge of the statement at issue while considering whether to arrest defendant. Rather, the recorded police conversations leading up to Defendant's arrest indicate that law enforcement had observed Defendant associating with the female who executed the drug transaction. *See* (Doc. # 23-2). Their observations formed the basis for their decision to arrest Defendant after the CI confirmed that a drug transaction had, in fact, occurred. (*Id*.) Moreover, the recorded police conversations make no reference to the statement at issue, and Defendant has not substantiated his argument that law enforcement had knowledge of the statement prior to his arrest.

Therefore, Defendant has not demonstrated that the "informant's testimony is relevant or essential to the fair determination of [his] case." *Gordon*, 173 F.3d at 767 (citing *Roviaro*, 353 U.S. at 62). Accordingly, the Government is not obligated to disclose the CI's identity.

## IV.   CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Compel Disclosure. (Doc. # 20) is DENIED.

DATED: July 9, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

5