# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Criminal Action No. 19-cr-00144

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW RAPHAEL REESE,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER

This matter is before the Court on Defendant Andrew Raphael Reese's Motion to Reconsider. (Doc. # 51.) The Government filed a Response (Doc. # 53) to the Motion on October 6, 2019. Based on the following reasons, the Motion is denied.[1]

### I. ANALYSIS

Litigants may raise motions for reconsideration "in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). A motion to reconsider may be granted when a court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*.

---

[1] The Court finds that oral argument would not materially assist the determination of this Motion.

"A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539. Thus, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (citation omitted).

Defendant's Motion does not present grounds for the Court to reconsider its Order Denying Defendant's Motion to Suppress. The evidence in the record shows that the surveillance team conducting the narcotics operation had probable cause to arrest defendant.

Specifically, Sergeant Foster observed Defendant execute a covert transaction with his female associate. The female proceeded to execute what was later confirmed to be a drug transaction with a confidential informant. After observing the suspicious transaction—and further observing Defendant and his female associate behave in a manner that both Sergeant Foster and Officer Hammel recognized to be consistent with drug trafficking—Sergeant Foster had "a substantial basis to believe that Defendant engaged in criminal conduct." (Doc. # 45 at 5.) That conclusion is bolstered by Sergeant Foster's knowledge of Defendant's prior criminal history. Accordingly, Sergeant Foster had probable cause to arrest Defendant. Law enforcement's subsequent search of Defendant's clothing after his detention was, therefore, a valid search incident to arrest.[2]

---

[2] The Court reiterates that "it is not deciding that Defendant's initial stop was, in fact, an arrest. Rather, the evidence in the record strongly supports the conclusion that law enforcement executed a valid investigatory, or '*Terry*,' stop." (Doc. # 45 at 2–3 n.1) (Order Denying Defendant's Motion to Suppress). Thus, law enforcement's decision to detain Defendant is valid if it was supported by a reasonable suspicion of criminal activity. Because the Court finds that

2

## II. CONCLUSION

Based on the foregoing, Defendant's Motion to Reconsider (Doc. # 51) is DENIED.

DATED: November 7, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

law enforcement had probable cause to arrest Defendant, those facts also satisfy the lower reasonable suspicion standard. *See United States v. Rodriguez*, 739 F.3d 481, 485 (10th Cir. 2013) (noting that "[r]easonable suspicion is a particularized and objective basis for suspecting the person stopped of criminal activity," and "[t]he circumstances necessary to arouse reasonable suspicion fall 'considerably short of satisfying a preponderance of the evidence standard.'" (quoting *United States v. Arvizu*, 534 U.S. 266, 274 (2002)).